UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE MARIE SUPONCH, | No. 2:23-cv-0073-SCR |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

In this action, Plaintiff sought judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for benefits under the Social Security Act. On August 2, 2023, pursuant to the parties' stipulation, Magistrate Judge Deborah Barnes remanded this action to the Commissioner for further proceedings. ECF Nos. 15-17. On remand, Plaintiff was awarded past benefits of $105,481.70.[1] ECF No. 20-1 at 4.

Now pending before the court is Plaintiff's December 5, 2024 Motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). ECF No. 20. Pursuant to this Court's order, Plaintiff's counsel submitted additional evidence regarding one of their attorneys' credentials. ECF Nos. 24-25. The Commissioner filed a statement that he "neither supports nor opposes

---

[1] The Notice of Award states that $26,370.43 of the past-due benefits was being withheld "to pay your representative." ECF No. 20-1 at 4.

1

counsel's request for attorney's fees." ECF No. 23 at 2. The Commissioner requests that the order direct Plaintiff's counsel to reimburse Plaintiff any fees previously received under the Equal Access to Justice Act (EAJA). *Id.* For the reasons set forth below, the Motion will be granted and will also incorporate the Commissioner's request.

## I. REASONABLENESS OF FEE REQUEST

At the outset of the representation, Plaintiff and her counsel entered into a contingent-fee agreement for 25% of past due benefits awarded. ECF No. 20-3. Pursuant to that agreement, Plaintiff's counsel now seeks attorney's fees in the amount of $19,150, which represents less than 25% of the $105,481.70 in retroactive disability benefits awarded to Plaintiff on remand. ECF No. 20 at 3; ECF No. 20-3.

Attorneys are entitled to fees for cases in which they have successfully represented social security claimants:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The goal of fee awards under § 406(b) is "to protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1217 (9th Cir. 2012) (cleaned up).

The 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee requested is reasonable. *Gisbrecht*, 535 U.S. at 808-09 ("406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements"). "Within the 25 percent

boundary…the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. "[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1149 (quoting *Gisbrecht*, 535 U.S. at 793, 808).

In determining whether the requested fee is reasonable, the court considers "'the character of the representation and the results achieved by the representative.'" *Crawford*, 586 F.3d at 1151 (quoting *Gisbrecht*, 535 U.S. at 808). In determining whether a reduction in the fee is warranted, the court considers whether the attorney provided "substandard representation or delayed the case," or obtained "benefits that are not in proportion to the time spent on the case." *Id.* Finally, the court considers the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Crawford*, 586 F.3d at 1151-52 (citing *Gisbrecht*, 535 U.S. at 808); *see also*, E.D. Cal. R. 293(c)(1) (in fixing attorney's fees the court considers "the time and labor required"). Below, the court will consider these factors in assessing whether the fee requested by counsel in this case pursuant to 42 U.S.C. § 406(b) is reasonable.

Here, two experienced attorneys secured a successful result for Plaintiff. Plaintiff's counsel represents that one attorney has been practicing Social Security law for 14.5 years, and the other for over 15 years. ECF No. 20 at 6; ECF No. 25-1 at ¶¶ 3-4.[2] Those attorneys billed for a combined 36.2 hours, plus 2.9 hours a legal assistant spent on this matter. ECF No. 20 at 6; ECF No. 20-4; ECF No. 25-1 at ¶ 8. Counsel has submitted a billing statement in support of the requested fee. ECF No. 20-4. The court finds that the amount of time expended (36.2 hours) is reasonable. The court notes that the effective hourly rate of $19,150 ÷ 36.2 = $529.01/hour for both attorneys is akin to that approved by other courts. In *Crawford*, the Ninth Circuit found the fee awards in the three consolidated cases, ranging from $11,500 to $24,000, to be reasonable when dividing them by the hours expended would have resulted in effective rates in the range of $500 to $900/hour. 586 F.3d at 1145-1147. The effective rate is also less than a sampling of

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

recent rates approved in this District. *See Garcia v. O'Malley*, 2024 WL 4121872 (E.D. Cal. September 9, 2024) (effective hourly rate of $685); *Guzman Paz v. Commissioner*, 2024 WL 4029592 (E.D. Cal. September 3, 2024) (effective hourly rate of $883); *Garcia v. Commissioner*, 2024 WL 3968083 (E.D. Cal. August 28, 2024) (effective hourly rate of $864).

There is no indication that a reduction of fees is warranted due to any substandard performance by counsel. There is also no evidence that Plaintiff's counsel engaged in any dilatory conduct resulting in excessive delay. The court finds that the $19,150 fee, which does not exceed 25% of the amount paid in past-due benefits to Plaintiff, is not excessive in relation to the benefits awarded. In making this determination, the court recognizes the contingent fee nature of this case and counsel's assumption of the risk of going uncompensated in agreeing to represent Plaintiff on such terms. *See Crawford*, 586 F.3d at 1152 ("[t]he attorneys assumed significant risk in accepting these cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases").

For the reasons stated above, the court concludes that the fees sought by counsel pursuant to § 406(b) are reasonable.

## II. OFFSET FOR EAJA FEES

An award of § 406(b) fees must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Here, Plaintiff's attorney was previously awarded $8,300.00 in EAJA fees pursuant to parties' stipulation. *See* ECF Nos. 18-19. Counsel therefore must remit that amount to Plaintiff.

## III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for attorney fees under 42 U.S.C. § 406(b) (ECF No. 20), is GRANTED;

2. Counsel for Plaintiff is awarded $19,150 in attorney's fees under § 406(b); the Commissioner shall certify that amount to be paid to counsel from the funds previously withheld for the payment of such fees;

3. The Commissioner shall pay to Plaintiff the remaining amount of past-due benefits

after payment of attorney's fees from the $26,370.43 in funds previously withheld; and

    4. Counsel for Plaintiff is directed to remit to Plaintiff the amount of $8,300 for EAJA fees previously paid to counsel by the Commissioner.

SO ORDERED

DATE: February 18, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE